U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 0 9 2010
CHRIS R. JOHNSON, Clerk
By
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| MEGAN CLODFELTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   10-5124 |
| GAMACHE & MYERS, P.C., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MEGAN CLODFELTER, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, GAMACHE & MYERS, P.C., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4.  MEGAN CLODFELTER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Bentonville, County of Benton, State of Arkansas.

5.  The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Capital One Bank (USA) NA f/k/a Capital One Bank (hereinafter "Capital One.")

6. The debt that Plaintiff allegedly owed Capital One was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. GAMACHE & MYERS, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Missouri.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about September 4, 2009, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Capital One.

15. The aforesaid correspondence was Defendant's initial communication with Plaintiff.

16. The aforesaid correspondence stated that the balance due on the debt allegedly owed by Plaintiff to Capital One was $7,370.32.

17. The aforesaid correspondence enclosed a pre-addressed envelope for Plaintiff to make a payment to Defendant in relation to the $7,370.32 it was attempting to collect.

18. On September 11, 2009, within thirty (30) days of Defendant's initial communication with Plaintiff, Plaintiff sent a written correspondence to Defendant.

19. The aforementioned correspondence stated that Plaintiff disputed owing the debt on which Defendant was attempting to collect.

20. The aforementioned correspondence further stated that Plaintiff had not been provided with documentation that verified the debt she allegedly owed to Capital One.

21. Defendant received the aforementioned correspondence sent by Plaintiff.

22. On October 27, 2009, in response to Defendant's receipt of the aforementioned correspondence, Defendant sent a second correspondence to Plaintiff.

23. The aforementioned correspondence stated that Defendant was enclosing Plaintiff's account statement which would validate the debt she owed to Capital One.

24. The documentation that Defendant enclosed with the aforementioned letter was Plaintiff's Capital One account statement for the billing cycle of September 5, 2006 through October 4, 2006.

25. The aforementioned documentation, from 2006, indicated that Plaintiff owed a debt to Capital One in the amount of $4,115.19.

26. Despite Defendant's receipt of Plaintiff's written request for documentation to verify the $7,370.32 debt she allegedly owed to Capital One, Defendant only provided Plaintiff with documentation to indicate that she owed $4,115.19 to Capital One.

27. On or about November 17, 2009, Plaintiff sent an additional correspondence to Defendant.

28. Upon information and belief, Defendant received the aforesaid correspondence.

29. The aforementioned correspondence stated that "[d]espite my request, [Defendant] failed to produce full disclosure/full accounting for the amount $7,370.32 claiming to be owed."

30. The aforementioned correspondence further stated that Defendant only provided Plaintiff with documentation to indicate that she owed a debt of $4115.19 to Capital One.

31. Plaintiff further stated in the aforementioned correspondence that she disputed owing the debt and that she would not begin making payments towards the debt until Defendant provided her with documentation to verify the amount of the debt she allegedly owed.

32. Despite Defendant's receipt of Plaintiff's written request for documentation to verify the debt on which it was attempting to collect, sent by Plaintiff on or about September 11, 2009, Defendant continued to attempt to collect the debt from Plaintiff without first providing Plaintiff the appropriate verification of the debt she allegedly owed.

33. Upon information and belief, despite Defendant's receipt of Plaintiff's written request for documentation to verify the debt on which it was attempting to collect, sent by

Plaintiff on or about November 17, 2009, Defendant continued to attempt to collect the debt from Plaintiff the appropriate verification of the debt she allegedly owed.

34. Prior to March 8, 2010, Defendant did not provide Plaintiff with documentation to verify the debt on which it was attempting to collect.

35. On March 8, 2010, Defendant filed a lawsuit against Plaintiff in the Circuit Court of Benton County, Arkansas captioned as *Capital One Bank (USA) NA f/k/a Capital One Bank a National Association v. Megan M. Clodfelter*, and docketed as case number 2010-CV-0706-1.

36. Defendant filed the aforementioned lawsuit on behalf of Capital One.

37. When Defendant filed the aforementioned lawsuit, Defendant attempted to collect a debt from Plaintiff without first providing her with documentation to verify the debt on which it was attempting to collect.

38. In its attempts to collect the debt allegedly owed by Plaintiff to Capital One, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Continued to attempt collection of the debt allegedly owed by the consumer despite having failed to mail to the consumer verification of the debt by the original creditor or the name and address of the original creditor in response to receiving a timely written notification from the consumer that the debt was disputed or notification that the consumer requests the name and address of the original creditor in violation of 15 U.S.C. §1692g(b); and,

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MEGAN CLODFELTER, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MEGAN CLODFELTER**

By: *[signature]*
David M. Marco
Attorney for Plaintiff

Dated: July 7, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithlaw.us